IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>KYLE JOEANIEL GOBERT,<br><br>Defendant/Movant. | Cause No. CR 14-63-GF-BMM<br>CV 16-75-GF-BMM<br><br>ORDER DENYING § 2255 MOTION AND GRANTING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant Gobert's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Gobert is a federal prisoner proceeding with counsel. The Court conducted a hearing on Gobert's motion on November 1, 2017. (Doc. 63.) Counsel argued on behalf of Gobert and the United States.

**I. Background**

Gobert pled guilty in October 2014 to one count of using a firearm during and in relation to a crime of violence, a violation of 18 U.S.C. § 924(c)(1)(A). The "crime of violence" was identified as either assault resulting in serious bodily injury ("Count 1"), a violation of 18 U.S.C. § 113(a)(6), or assault with a dangerous weapon and with intent to do bodily harm ("Count 2"), a violation of 18 U.S.C. § 113(a)(3). The Court dismissed Counts 1 and 2 of the Indictment under a

1

plea agreement. *See* Plea Agreement (Doc. 42) at 2 ¶ 3.

Gobert did not plead guilty to either Count 1 or Count 2. In pleading guilty to Count 3, he merely admitted that he "committed the elements of a crime of violence prosecutable in federal court" and that his "use or carrying of the firearm was during and in relation to, or the possession was in furtherance of, the defendant's crime of violence." Plea Agreement at 3 ¶ 4.

The Court sentenced Gobert on February 10, 2015, to serve five years in prison to be followed by a three-year term of supervised release. *See* Minutes (Doc. 48); Judgment (Doc. 49) at 2-3. Gobert seeks relief under the United States Supreme Court's recent decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). *See also Welch v. United States*, __ U.S. __, 136 S. Ct. 1257, 1265 (2016) (holding that *Johnson* applies to cases already final when it was issued).

## II. 18 U.S.C. § 924(e)

The Court in *Johnson* considered the meaning of a provision in the Armed Career Criminal Act ("ACCA"). 18 U.S.C. § 924(e). The ACCA imposes a harsher sentence on a person convicted of a firearms offense if the person has three prior convictions for a violent felony or controlled substance offense. The Act defines a "violent felony" as a felony that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2)(B). *Johnson* discussed only the italicized clause, commonly called the "residual" clause.

The Supreme Court determined the residual clause to be vague to the point that it deprived defendants of fair notice of the consequences of their decisions and so loose that it invited arbitrary enforcement by sentencing judges. *Johnson* prohibited federal sentencing courts from enhancing a defendant's sentence based on a prior conviction when that conviction qualifies as a "violent felony" under the residual clause. *See Johnson*, 135 U.S. at 2555-60, 2563. *Johnson* did not address either subsection (i), or the first line of subsection (ii), in § 924(e)(2)(B). Those provisions remain valid law.

### III.  18 U.S.C. § 924(c)

Gobert challenges his conviction under 18 U.S.C. § 924(c)(1)(A) for using a firearm during and in relation to a "crime of violence." Section § 924(c)(3)'s definition of "crime of violence" differs from than the definition of a "violent felony" in § 924(e)(2)(B):

> (3)  For purposes of this subsection [§ 924(c)] the term "crime of violence" means an offense that is a felony and—
>
> (A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

     (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

Gobert asks the Court to assume that the residual clause in § 924(c)(3)(***B***) suffers from the same unconstitutional vagueness identified in *Johnson* that invalidated the residual clause. Gobert's conviction and sentence under § 924(c) would still be valid, however, if the "crime of violence" that he committed "ha[d] as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(***A***).

### IV. The Significance of Gobert's Guilty Plea

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). In effect, Gobert alleges that he was not correctly advised about the meaning of the element "crime of violence" in 18 U.S.C. § 924(c). Gobert failed to make that claim in direct review. As a result, his claim is procedurally defaulted. *See Mabry v. Johnson*, 467 U.S. 504, 508 (1984).

The Court may not hear merits of a defaulted claim unless the defendant's default may be excused. Default may be excused if a defendant shows both cause

4

for his default and prejudice resulting from the constitutional violation he asserts or, alternatively, shows that he is factually innocent. *See, e.g.*, *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 622, 624 (1998); *Murray v. Carrier*, 477 U.S. 478, 496-97 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

Gobert argues that the novelty of the decision in *Johnson* excuses his failure to challenge his guilty plea on direct appeal. *Johnson*'s novelty would serve to satisfy only the cause prong rather than as prejudice too. Prejudice can be established only by showing that *Johnson* mandates relief. Conversely, if *Johnson* does not mandate relief, then Gobert suffers no prejudice from the fact that *Johnson* became available after his conviction was final. And if, as a result of the plea bargain, the Court dismissed a charge constituting a crime of violence, Gobert would have to prove that he actually was innocent of that charge—not merely that he was not convicted of it. *See Bousley*, 523 U.S. at 624.

Consequently, if *either* assault under 18 U.S.C. § 113(a)(3), *or* assault under 18 U.S.C. § 113(a)(6), constitutes a crime of violence under the force clause of § 924(c)(3)(A), then Gobert cannot excuse his procedural default. His *Johnson* claim would be procedurally barred.

**V. Assault with a Dangerous Weapon and Intent to Do Bodily Harm**

"Physical force" means "*violent* force—that is, force capable of causing

5

physical pain or injury to another person," as opposed to the common-law definition of force that included mere offensive touching. *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original). "Use" of physical force requires an intentional act, as opposed to a negligent one. *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004). "Use" of force also captures a reckless act. *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1129-32 (9th Cir. 2006) (en banc).

The Ninth Circuit in *United States v. Benally*, 843 F.3d 350, 354 (9th Cir. 2016), recently excluded involuntary manslaughter from the crime of violence category. The Ninth Circuit determined that involuntary manslaughter, defined as murder without malice, failed to qualify as a crime of violence because it requires only a showing of gross negligence. *Id.*

Assault with the intent to do bodily harm entails more than merely intentional striking or wounding. Assault with intent to do bodily harms also entails an intent to avail oneself of force capable of causing physical injury. *See* 18 U.S.C. § 113(a)(3); 9th Cir. Jury Instr. (Crim.) 8.5 (2003); Plea Agreement (Doc. 17) at 5-6 ¶ 8. The use, attempt to use, or threat to use force as an element of an offense requires nothing more. *Leocal*, 543 U.S. at 9; *Johnson I*, 559 U.S. at 140.

The Ninth Circuit in *United States v. Calvillo-Palacios*, 860 F.3d 1285, 1292-93 (9th Cir. 2017), recently addressed whether a Texas state conviction for aggravated assault could form the basis of a "crime of violence" sentencing

enhancement. The Defendant's commission of simple assault became an aggravated assault when he intentionally or knowingly threatened a person with imminent bodily harm. *Id.* at 1289. The Court rejected defendant's argument that the terms "bodily injury" and "physical force" would not be "synonymous or interchangeable." *Id.* at 1290.

The Court noted that the Ninth Circuit has rejected this type of designation, and, instead, has held repeatedly that threat and assault statutes "necessarily involve the use of violent, physical force." *Id.* citing *United States v. Juvenile Female*, 566 F.3d 943, 947-48 (9th Cir. 2009) (concluding that "assault involving a deadly or dangerous weapon or resulting in bodily injury" constituted a crime of violence under 18 U.S.C. § 16(a)); *See also United States v. Sutton*, No. 16-35317, 2017 WL 3499917 at *1 (9th Cir. Aug. 16, 2017) (unpublished mem. disp.). Assault with a dangerous weapon with intent to do bodily harm constitutes a crime of violence under the circumstances.

Gobert disputes this conclusion. He argues that "the least culpable act which satisfies the offense would be using a display of force which caused a person to fear immediate bodily harm." Mot. § 2255 (Doc. 53) at 17. It seems clear that this act would be a threatened use of physical force against the person of another. This argument ignores two other elements of Gobert's offense: *using* a dangerous weapon while also harboring an *intent to harm* the other person. Gobert's position

7

raises the question of how such an act could fail to constitute a use, or attempt, or threat to use, in an instrumental way, "*violent* force—that is, force capable of causing physical pain or injury to another person," as required in *Johnson I* and *Leocal*.

Gobert argues that a statute that requires proof of injury or harm to a victim rather than use of force by a defendant falls outside the category of "crimes of violence." He contends that bodily harm or injury may be caused by an indirect use of force, for example, by "exposing another person to an allergen or poison." Reply (Doc. 59) at 28.

The Supreme Court already has rejected the argument that indirect force fails to qualify as a type of force. *Castleman v. United States*, __ U.S. __, 134 S. Ct. 1406 (2014), pointed out that shooting someone qualifies an indirect use of force, but surely the force a bullet carries into a body would constitute "*violent* force" within the meaning of *Johnson I*. The Supreme Court reasoned that "the 'use' of force must entail 'a higher degree of intent than negligent or merely accidental conduct.'" An offense that requires the government to prove that the defendant used "*violent* force" intentionally or in an instrumental way, even if applied indirectly, fails to negate any term of the force clause of § 924(c)(3)(A). Assault with a dangerous weapon and intent to do bodily harm, "by its nature, involves a substantial risk that physical force against the person or property of

8

another may be used." 18 U.S.C. § 924(c)(3)(B).

## VI. Conclusion

Assault with a dangerous weapon and intent to do bodily harm, "by its nature, involves a substantial risk that physical force against the person or property of another may be used." 18 U.S.C. § 924(c)(3)(B). Even if the Court were to assume that *Johnson* invalidates the residual clause of § 924(c)(3)(**B**), it does not undermine the fact that assault with a dangerous weapon and intent to do bodily harm under 18 U.S.C. § 113(a)(3) meets the force clause of 18 U.S.C. § 924(c)(3)(**A**).

Gobert's inability to demonstrate prejudice fails to excuse his procedural default. *See Reed v. Ross*, 468 U.S. 1 (1984). Gobert has failed to show prejudice under *Johnson* or actual innocence under § 924(c). Gobert's *Johnson* claim fails to overcome the procedural bar to consideration of his claim. *Massaro*, 538 U.S. at 504; *Bousley*, 523 U.S. at 622.

## VII. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the

9

district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The standard is "lenient." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).

Reasonable jurists could agree that Gobert's conduct falls outside the scope of the force clause of § 924(c)(3)(A). A determination in Gobert's favor would overcome his procedural bar to pursuing his claim. The Ninth Circuit has not addressed this issue directly. The Supreme Court's decision in *Johnson* and *Welch* raise doubts as to the validity of Gobert's sentence that warrants further review.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Gobert's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 53) is DENIED;

2. A certificate of appealability is GRANTED. The Clerk of Court shall immediately process the appeal if Gobert files a Notice of Appeal;

DATED this 16th day of November, 2017.

/s/ Brian Morris
Brian Morris
United States District Court Judge